UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA NOCERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION d/b/a DOLLAR GENERAL and DOLGENCORP, LLC d/b/a DOLLAR GENERAL<br><br>Defendants. | Case No.   18-1222<br><br>**FILED ELECTRONICALLY** |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Rebecca Nocera ("Plaintiff"), on behalf of herself and all others similarly situated within the Commonwealth of Pennsylvania, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action individually and on behalf of all other similarly situated Pennsylvania residents against Dollar General Corporation d/b/a Dollar General and Dolgencorp, LLC d/b/a Dollar General ("Defendants"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations, in connection with access barriers in interior paths of travel at stores owned, operated, controlled and/or leased by Defendants.

2. Plaintiff has a qualified disability under the ADA and is limited in the major life activity of walking, which has caused her to be dependent upon a motorized wheelchair for mobility.

3. Plaintiff has frequently visited Defendants' stores with her mother and has repeatedly been denied full and equal access to the stores as a result of accessibility barriers existing in interior paths of travel. These access barriers include but are not limited to: fixed pillars in the middle of shopping aisles; shopping/stocking carts positioned so that they block or narrow the aisle pathways; and, merchandise displays positioned so that they block or narrow the aisle pathways. These conditions violate the ADA and severely impede Plaintiff's ability to access the goods and services offered at Defendants' stores.

4. The access barriers described above are not temporary and isolated. They are systemic, recurring, and reflective of Defendants' inadequate policies and practices.

5. Plaintiff regularly visits Defendants' store located at 2400 Wilmington Road, New Castle, Pennsylvania 16105 (Store # 6186) (the "Subject Store") with her mother Lynn Nocera. These visits occur on a weekly basis. This store is located close to Plaintiff's home. Plaintiff has attempted to shop at the store within the relevant limitations period. However, interior access barriers render it sufficiently difficult for Plaintiff to navigate the paths of travel in the Subject Store with her wheelchair that she is deterred from shopping in the store. As a result, Plaintiff now typically remains in the car outside the Subject Store while her mother shops.

6. Plaintiff's mother has repeatedly informed Defendants' employees at the Subject Store about the existence of access barriers within the store which have rendered it difficult for Plaintiff to shop at the store and deterred her from coming into the store. Notwithstanding this fact, Defendants' employees have not made any material changes to eliminate the existence of access barriers within the Subject Store.

7. Plaintiff's experiences are not isolated—Defendants have systematically discriminated against individuals with mobility disabilities by having inadequate policies and

practices that cause Defendants to consistently violate the ADA's accessibility requirements. These inadequate policies and practices have resulted in access barriers within Defendants' Pennsylvania stores that are the same as, or similar to, the barriers directly experienced by Plaintiff at the Subject Store.

8. Counsel for Plaintiff have overseen an investigation into Defendants' Pennsylvania stores which has confirmed the widespread existence of interior access barriers that are the same as, or similar to, the barriers directly experienced by Plaintiff at the Subject Store.

9. Defendants have recently been subjected to legal actions in other jurisdictions regarding the same civil rights violations that are being challenged by Plaintiff in this Complaint. For example, Defendants recently entered into a Settlement Agreement with the United States Department of Justice regarding access barriers in and around their stores in the State of Alabama. See DJ# 202-3-41.

10. Similarly, Defendants were recently sued in a class action in the Northern District of New York, on behalf of disabled New York residents, challenging the same and/or similar violations that are being challenged by Plaintiff in this Complaint. See *Rossman v. Dollar General Corp. et al.*, 18-cv-573, N.D.N.Y.

11. Unless Defendants are required to remove the access barriers described below, and required to change their policies and practices so that these access barriers do not reoccur at Defendants' Pennsylvania stores, Plaintiff and the proposed Class will continue to be denied full and equal access to the stores and will be deterred from fully using Defendants' Pennsylvania stores.

12. The ADA expressly contemplates injunctive relief calculated to modify policies or practices. In relevant part, the ADA states:

> [i]n the case of violations of…this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the…modification of a policy….

42 U.S.C. § 12188(a)(2).

13. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

a) Defendants remediate all interior path of travel access barriers at Defendants' Pennsylvania stores, consistent with the ADA;

b) Defendants change their policies and practices so that the interior path of travel access barriers at Defendants' Pennsylvania stores do not reoccur; and

c) Plaintiff's representatives shall monitor Defendants' Pennsylvania stores to ensure that the injunctive relief ordered pursuant to this Complaint has been implemented and will remain in place.

14. Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate…. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

15. The ADA was enacted over a quarter century ago and was intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

16. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

17. Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in the goods or services offered by a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

18. Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

19. Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

   b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

   c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

   d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

20. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. 12188(a)(1).

21. The ADA also provides for specific injunctive relief, which includes the following:

In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include…modification of a policy…to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

22. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

23. Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

24. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

25. Plaintiff is, and at all times relevant hereto was, a resident of Lawrence County, Pennsylvania. As described above, as a result of her disability, Plaintiff relies upon a wheelchair for mobility. She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

26. Defendant Dolgencorp, LLC is a foreign limited liability company headquartered at 100 Mission Ridge, Goodlettsville, TN.

27. Defendant Dollar General Corporation is a foreign corporation headquartered at 100 Mission Ridge, Goodlettsville, TN.

28. Defendants are a public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

### I. Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities.

29. Plaintiff has regularly visited the Subject Store where she suffered a violation of her civil rights in the form of the ADA accessibility violations described above.

30. Despite the existence of these violations, Plaintiff plans to return to the Subject Store.

31. As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use Defendants' facilities has been significantly impeded.

32. Plaintiff will be deterred from returning to and fully and safely accessing Defendants' facilities, however, so long as Defendants' facilities remain non-compliant, and so long as Defendants continue to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at Defendants' facilities.

33. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendants' facilities in violation of her rights under the ADA.

34. As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendants' facilities, have access barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

**II. Defendants Deny Individuals With Disabilities Full and Equal Access to Their Facilities.**

35. Defendants are engaged in the ownership, management, operation, and development of retail stores throughout the United States and has 675 stores in the Commonwealth of Pennsylvania.

36. As the owner and manager of their properties, Defendants employ centralized policies, practices, and procedures with regard to the design, construction, alteration, maintenance, and operation of its facilities.

37. However, these policies, practices, and procedures are inadequate in that Defendants' facilities are operated and maintained in violation of the accessibility requirements of Title III of the ADA.

38. As evidenced by the widespread inaccessibility of Defendants' stores in Pennsylvania, absent a change in Defendants' corporate policies and practices, access barriers are likely to reoccur in Defendants' facilities even after they have been remediated in the first instance.

39. Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendants' facilities and an injunction to modify the policies and practices that have created or allowed, and will create or allow, access barriers in Defendants' Pennsylvania stores.

**CLASS ALLEGATIONS**

40. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of herself and the following class of Pennsylvania residents: all persons with qualified mobility disabilities who have attempted, or will attempt, to access the interior of any store owned or operated by Defendants within the Commonwealth of Pennsylvania.

41. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the

respective class members through this class action will benefit both the parties and this Court, and will facilitate judicial economy.

42. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

43. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described. The questions of law and fact that are common to the class include:

   a. Whether Defendants operate places of public accommodation and are subject to Title III of the ADA and its implementing regulations;

   b. Whether storing merchandise in interior aisles of the stores makes the stores inaccessible to Plaintiff and putative class members; and,

   c. Whether Defendants' storage, stocking and setup policies and practices discriminate against Plaintiff and putative class members in violation of Title III of the ADA and its implementing regulations.

44. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and she has no interests antagonistic to the members of the class. Plaintiff has retained counsel

who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

45. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## SUBSTANTIVE VIOLATION

46. The allegations contained in the previous paragraphs are incorporated by reference.

47. Defendants' facilities were altered, designed, or constructed after the effective date of the ADA.

48. Defendants' facilities are required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs or scooters. 42 U.S.C. § 12183(a).

49. Further, the accessible features of Defendants' facilities, which include interior paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 C.F.R. § 36.211.

50. The access barriers described above demonstrate that Defendants' facilities are not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs or scooters and/or that Defendants' facilities are not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs or scooters.

51. Defendants' repeated and systemic failures to design, construct, and alter facilities so that they are readily accessible and usable, to remove access barriers, and to maintain the

accessible features of their facilities constitutes unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

52. Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

53. Defendants are required to provide individuals who use wheelchairs or scooters full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

54. Defendants have failed, and continue to fail, to provide individuals who use wheelchairs or scooters with full and equal enjoyment of its facilities.

55. Defendants have discriminated against Plaintiff and the class in that Defendants have failed to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs or scooters in violation of 42 U.S.C. § 12182(a) as described above.

56. Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

57. Unless Defendants are restrained from continuing its ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

58. Given that Defendants have not complied with the ADA's requirements to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs or scooters, Plaintiff invokes her statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a. A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA, and the relevant implementing regulations of the ADA, in that Defendants' facilities are not fully accessible to and independently usable by individuals who use wheelchairs or scooters;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendants to take all steps necessary to remove the access barriers described above and to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs or scooters; (ii) directs Defendants to change its policies and practices to prevent the reoccurrence of access barriers post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c. An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing her counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and,

f. The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: September 13, 2018                Respectfully Submitted,

By: /s/ *R. Bruce Carlson*
R. Bruce Carlson
Kelly K. Iverson
**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246

*Counsel for Plaintiff*